BRONSTER FUJICHAKU ROBBINS
A Law Corporation
MARGERY S. BRONSTER        4750
ROBERT M. HATCH            7724
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i  96813
Telephone: (808) 524-5644
Facsimile:  (808) 599-1881
E-mail:   mbronster@bfrhawaii.com
          rhatch@bfrhawaii.com

JAMES M. SMITH (*pro hac vice to be submitted*)
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, Illinois 60462
Telephone:  (708) 645-8824
Facsimile:   (312) 319-4084
Email:     JSmith@dohertysmith.com

Attorneys for Plaintiff
JENNELYN NUNEZ

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JENNELYN NUNEZ, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and VALLEY ISLE COMMUNITY FEDERAL CREDIT UNION, | |
| Defendants. | |

## COMPLAINT

Jennelyn Nunez ("Plaintiff") brings this action against defendants, Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Valley Isle Community Federal Credit Union ("Valley Isle") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.      "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3.      Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to

the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4.      Here, Plaintiff is alleging that Defendants failed to conduct a reasonable investigation into an inaccurate balance appearing on Plaintiff's credit reports and continue to falsely report a balance owed on a paid account, which has caused damage to Plaintiff.

## JURISDICTION

5.      Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Hawaii and the Hawaii judicial district.

## PARTIES

7.      Plaintiff, Jennelyn Nunez, is a natural person who resides in Kihei, Hawaii.

8.      Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c): "an individual."

9.      Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent, C

T Corporation System, is located at 900 Fort Street Mall, Suite 1680, Honolulu, Hawaii 96813.

10.     Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11.     Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent, Corporation Service Company is located at 1003 Bishop Street, Suite 1600 Pauahi Tower, Honolulu, Hawaii 96813.

12.     Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

13.     Valley Isle is a federally chartered credit union with a principal place of business located at 160 Pa'ahana Street, Kahului, Hawaii, 96732.

14.     Valley Isle is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

15.     Defendants regularly conduct business in Hawaii.

## FACTS

16.     In August 2018, Plaintiff received a loan from Valley Isle, which obligated her to make payments until the loan was paid off ("the account").

17.     Plaintiff made her last payment on the account in June 2019, despite still owing a balance on the account. As a result, the account went into default.

18.     In October 2019, Valley Isle sent the defaulted account to Maui Collection Service for collections.

19.     In November 2022, Plaintiff paid the remaining balance on the account, and Maui Collection Service sent her a receipt indicating that her balance on the account was reduced to $0.

20.     Despite this, on Plaintiff's October 2023 credit reports, Equifax Information Solutions LLC ("Equifax"), Trans Union, and Experian were all erroneously reporting that the balance on the Valley Isle account 30844006L\*\*\*\* was $8,307.00.

21.     On October 10, 2023, Plaintiff sent dispute letters via certified mail to Equifax, Trans Union, and Experian that disputed the inaccurate balance shown on the Maui Collection Service account. Plaintiff attached the receipt from Maui Collection Service showing her balance was $0 as proof of the falsity of the reports being made.

22.     Equifax received Plaintiff's dispute letter. But Plaintiff never received a response from them.

23.     Despite never receiving a response to the dispute letter sent to Equifax, Equifax correctly changed the Valley Isle account balance to $0 on Plaintiff's credit report.

24.     On October 23, 2023, Trans Union received Plaintiff's dispute letter – tracking number: 7022-2410-0003-5327-6945.

25.     On October 20, 2023, Experian received Plaintiff's dispute letter – tracking number: 7022-2410-0003-5327-6938.

26.     On information and belief, Equifax, Experian, and Trans Union forwarded Plaintiff's dispute letters, along with enclosures, to the entity furnishing the erroneous information within 5-business as that is what the FCRA requires.

27.     Plaintiff never received a response to her dispute letters from Trans Union, or Experian.

28.     As of December 2023, Trans Union and Experian continue to erroneously report the Valley Isle account balance as $8,307.00 on Plaintiff's credit reports.

29.     Despite Plaintiff's lawful requests for removal of the erroneous information as to the Valley Isle account pursuant to the FCRA, Trans Union, Experian, and Valley Isle failed to adequately investigate Plaintiff's disputes and

failed to remove the disputed, derogatory, and erroneous items from Plaintiff's credit reports.

30.     Upon information and belief, Valley Isle, Trans Union, and Experian failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's dispute.

31.     The Defendants' actions have damaged Plaintiff financially. Plaintiff has been denied credit, padid for increased cost of credit, suffered damage to reputation, loss of financial independence, loss of self esteem, emotional distress, frustration, mental anquish, and paid for a third-paty company to help her remove the erroneous reporting to her credit reports.

32.     The subject error prevented Plaintiff from obtaining a loan to purchase her first home.

33.     Third party creditors accessed Plaintiff's credit reports that contained false information.

## COUNT I

### Experian's Failure to Reasonably Investigate
### FCRA §§ 1681e(b) and 1681i

34.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

35.    Experian is a consumer reporting agency as defined by Section 1681a(f) of the FCRA:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

36.    Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file...before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

37.    Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation requested by a consumer.

38.    Here, Plaintiff sent a dispute letter to Experian along with supporting documentation showing that the balance on the Valley Isle account was paid and should be $0. Plaintiff's dispute letter requested that Experian remove the inaccurate information listed on the Valley Isle account in light of the information provided.

39.    Experian failed to conduct a reasonable investigation of the inaccurate information in Plaintiff's credit file about the above-mentioned account after receiving actual notice of the inaccuracies with supporting documentation showing that the Valley Isle account had been paid off and that it's reporting was therefore inaccurate.

40.    Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

41.    Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

a.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of § 1681i(a)(1);

b.  failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

c.  failing to provide Plaintiff's disputes to the companies that

provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

d. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

e. failing to properly delete items of disputed information from Plaintiff's credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

42. These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

43. In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

44. Plaintiff has suffered anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Experian's failure to fully and properly investigate Plaintiff's disputes.

## COUNT II

### Trans Union's Failure to Reasonably Investigate
### FCRA §§ 1681e(b) and 1681i

45.     Plaintiff incorporates the paragraphs preceding Count I as though fully set forth herein.

46.     Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

47.     Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his or her credit report, a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

48.     Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

49.     Here, Plaintiff sent a dispute letter to Trans Union along with supporting documentation showing that the balance on the Valley Isle account was paid and should be $0. Plaintiff's dispute letter requested that Trans Union remove the inaccurate information listed on the Valley Isle account in light of the information provided.

50.     Trans Union failed to conduct a reasonable investigation of the inaccurate information in Plaintiff's credit file about the above-mentioned account after receiving actual notice of the inaccuracies with supporting documentation showing that the Valley Isle account had been paid off and that it's reporting was therefore inaccurate.

51.     Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation and publication of Plaintiff's consumer reports.

52.     Trans Union violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions,including, but not limited to, the following:

f.  failing to (i) conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information Plaintiff disputed, and (ii) record the correct statuses of the disputed information or delete the disputed information

from Plaintiff's credit file, in violation of § 1681i(a)(1);

g.  failing to delete the erroneous items from Plaintiff's credit file within the 30-day period of receiving Plaintiff's disputes, in violation of § 1681i(a)(1);

h.  failing to provide Plaintiff's disputes to the companies that provided the information to Trans Union within 5 business days, in violation of § 1681i(a)(2);

i.  failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's disputes, in violation of § 1681i(a)(4); and

j.  failing to properly delete items of disputed information from Plaintiff's credit file that Trans Union could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

53.    These violations of §§ 1681e(b) and 1681i were willful, rendering Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

54.     In the alternative, Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

55.     Plaintiff has suffered anguish, embarrassment, humiliation, frustration, reputational damage, and emotional distress because of Trans Union's failure to fully and properly investigate Plaintiff's disputes.

## COUNT III

### Valley Isle's Failure to Reasonably Investigate
### FCRA §§ 1681s-2(b)

56.     Plaintiff incorporates the paragraphs preceding Count I as though fully set forth herein.

57.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Valley Isle receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Valley Isle] shall conduct an investigation with respect to the disputed information."

58.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Valley Isle receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Valley Isle] shall review all relevant information provided by the consumer reporting agency…"

59.     Valley Isle failed to fully and properly investigate Plaintiff's dispute relating to the Valley Isle account that is reporting a balance due and a past due amount.

60.     Valley Isle failed to review all relevant information provided by credit reporting agencies relating to Plaintiff's disputes.

61.     Valley Isle's conduct, action, and inaction was willful, or, in the alternative, negligent.

62.     Plaintiff suffered embarrassment, humiliation, and emotional distress because of Valley Isle's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a.      Enter judgment in Plaintiff's favor and against each Defendant jointly and severally;

b.      Appropriate statutory penalties for each violation of the FCRA;

c.      Actual damages;

d.      Punitive damages;

e.      Reasonable attorney's fees and the costs of this litigation;

f.      Pre-judgment and post-judgment interest at the legal rate;

g.      Appropriate equitable relief, including the correction to Plaintiff's credit reports; and

h.      Such other relief as the Court deems equitable, just, and proper.

DATED: Honolulu, Hawai'i, April 24, 2024.

*/s/ Margery S. Bronster*
MARGERY S. BRONSTER
ROBERT M. HATCH
JAMES M. SMITH (*pro hac vice to be submitted*)

Attorneys for Plaintiff
JENNELYN NUNEZ

## **VERIFICATION**

Plaintiff Jennelyn Nunez declares as follows:

1.      I am the Plaintiff in this Verified Complaint.

2.      I reside in Hawaii.

3.      I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4.      I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Hawaii that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.


Executed on:   _April  07, 2024_


_/s/ Jennelyn Nunez_, Plaintiff